*E-FILED 08-22-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CRISTOBAL GUILLEN; MARCELINO SAGASTUME; MARIA ACEVEDOS,<br><br>  Plaintiffs,<br>   v.<br><br>HONG KONG BISTRO, INC. dba HONG KONG BISTRO; FU LAM MUM, INC. dba FU LAM MUM RESTAURANT dba FU LAM MUM; BEN QUAN AND DENNIS BAO TRINH; and DOES 1 TO 10,<br><br>  Defendants.<br>_____/ | No. C11-02046 HRL<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT**<br><br>[Re: Docket No. 5] |

Defendants move for a more definite statement pursuant to Fed. R. Civ. P. 12(e). The matter is deemed appropriate for determination without oral argument, and the August 23, 2011 hearing is vacated. Civ. L.R. 7-1(b). Although plaintiffs failed to file any opposition to the motion, for the reasons stated below, this court finds that the motion must be denied.[1]

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). Such motions "are viewed with disfavor, and are rarely granted." Margarita Cellars v. Pacific Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999). Generally, a more definite statement is required "only when the pleading is so

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); FED. R. CIV. P. 73.

1  vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good
2  faith or without prejudice to himself." Id. (internal quotations and citations omitted).

3        The challenged paragraphs of the complaint are not the model of clarity.  Nevertheless,
4  the allegations are not so vague or ambiguous that defendants cannot (1) ascertain the nature
5  and basis of the claims being asserted against them and (2) reasonably prepare a response.
6  Indeed, in their motion, defendants indicate that they dispute many of the allegations.
7  Defendants are instead seeking details about plaintiffs' claimed damages—details that are
8  available through discovery.  The court is sympathetic to defendants because plaintiffs
9  apparently promised to provide a statement of their claimed damages, on an informal basis,
10 months ago.  (See Docket No. 4).  Defense counsel says that despite repeated reminders,
11 plaintiffs still have not provided that information.  Nevertheless, "[a] Rule 12(e) motion is not a
12 substitute for discovery; such a motion attacks unintelligibility in a pleading, not mere lack of
13 detail."  Wood v. Apodaca, 375 F. Supp.2d 942, 949 (N.D. Cal. 2005) (citing Bureerong v.
14 Uvawas, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996)); see also Beery v. Hitachi Home
15 Electronics (America), Inc., 157 F.R.D. 477, 480 (C.D. Cal. 1993) ("Where the information
16 sought is available through the discovery process, a Rule 12(e) motion should be denied).

17       Accordingly, defendants' motion for a more definite statement is denied.  Defendants
18 shall file their response to the complaint within 14 days from the date of this order.

19       SO ORDERED.
20 Dated: August 22, 2011

21
22       HOWARD R. LLOYD
      UNITED STATES MAGISTRATE JUDGE

1  5:11-cv-02046-HRL Notice has been electronically mailed to:

2  Adam Wang        adamqwang@gmail.com, alpedersen@gmail.com, rosilenda@gmail.com

3  Adam Lee Pedersen     alpedersen@gmail.com

4  Caryn Nadene Fabian      Fabian.Caryn@gmail.com

5  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

3